UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ELDORSE HORIGORDE MLISCOGEN #A209100411**     CASE NO.  6:19-CV-00362 SEC P

**VERSUS**     JUDGE SUMMERHAYS

**PINE PRAIRIE I C E PROCESSING CENTER**     MAGISTRATE JUDGE WHITEHURST

## REPORT AND RECOMMENDATION

Plaintiff Eldorse Horigorde Mliscogen filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on March 20, 2019.  When he filed suit, he was detained at the Pine Prairie Correctional Center ("PPCC") in Pine Prairie, Louisiana. [Rec. Doc. 1]

On June 27, 2019, the undersigned ordered Petitioner to amend his Petition to provide additional information regarding his suit.  [Rec. Doc. 16]  That order was mailed to plaintiff at the PPCC, yet was returned as undeliverable on July 8, 2019. [Rec. Doc. 17]  Attempts to locate plaintiff via the U.S. Immigration and Customs Enforcement data base have also proven unsuccessful.  [See https://locator.ice.gov/odls/searchByAlienNumber.do]

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The

district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Plaintiff has failed to comply with an Order directing him to amend his Petition. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that the Petitioner for Writ of Habeas Corpus be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W and that the outstanding Motion to Release from Detention [Rec. Doc. 13] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 12th day of August, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE